HUGH O'REILLY and Others, as Executors and Trustees, etc., and Others, Appellants, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and Others, Respondents.

*Eminent domain — benefits offset against damages — injunction against a railway company where no pecuniary damages are shown.*

Where the fee of a street, over which an elevated railroad company is authorized to construct its road, is the property of the municipal corporation in which it is situated, an abutting owner has no private right or easement in such street, except the easement of light, air and access appurtenant to his premises, and where the erection of the railroad cuts off some of the light and air which such premises would otherwise have received, and somewhat injures the premises by reason of the dirt, cinders and smoke resulting from the operation of the road, but the value of the fee of the premises is increased by the ease of transit to the neighborhood of the premises, afforded by the railroad, to such an extent as to exceed the injury caused to the property, the owner is not entitled to recover damages from the railroad company unless it is shown that there is such a disparity between the rate of increase in the value of the property in question and other property in the vicinity off the line of the road, as would justify the conclusion that it had failed to share in the general increase in value of all the property in the neighborhood.

The owner of such property is not entitled to an injunction restraining the erection or running of the road. The court will not enjoin the operation of a public work executed under legal authority, simply because some private right is trespassed upon which cannot be compensated for in money, because it has no value.

In all cases of consequential damages the benefits resulting from the work causing the damage must be deducted from the damages. If the railroad in question had been built without authority of law a different question would be presented, but, existing by authority of law, its construction and operation cannot be enjoined except by a person who has suffered pecuniary injury, for which he is entitled to compensation.

APPEAL by the plaintiffs, Hugh O'Reilly and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 3d day of October, 1893, upon the report of a referee dismissing the plaintiffs' complaint.

*L. L. Delafield,* for the appellants.

*R. L. Maynard,* for the respondents.

VAN BRUNT, P. J.:

This action was brought by an owner of property abutting upon Ninth avenue, for an injunction to restrain the defendants from maintaining and operating their railroad on said avenue in front of the premises of the plaintiffs, and to recover damages for alleged past injury due to the maintenance and operation of the road. Upon this appeal the judgment roll only being presented, the sole question open for discussion is whether upon the facts found the plaintiffs were entitled to greater relief than they obtained, which was a judgment dismissing the complaint, without costs.

The learned referee before whom the case was tried found that the defendants under authority duly received constructed, maintained and operated their railroad; and that defendants were also invested with power of eminent domain and were authorized to acquire any real property needed for such railroad upon payment of just compensation; that the bed of Ninth avenue in front of the premises in suit is owned by the mayor, aldermen and commonalty of the city of New York, and the plaintiffs have never had any private right or easement therein other than the easements of light, air and access appurtenant to said premises; and that

The said easements appurtenant to the plaintiffs' land taken for the said railway uses, in and of themselves, apart from any consequential damages to said land from said taking, have only a nominal value.

The referee also found that by the railroad structure and the operation of the road thereon, the light and air which the plaintiffs' premises would otherwise have received have been to some extent cut off, and that said premises have also suffered from the dirt, cinders and smoke caused by the erection and continued maintenance and operation of the road which have rendered the plaintiffs' premises for dwelling purposes less comfortable than they would otherwise have been; that

Said railway and stations afford frequent and easy transit, and the traffic in the said avenue in the vicinity of the premises in suit is thereby increased, and produce a general benefit in which the plaintiffs' property participates; that

The fee value of plaintiffs' premises has increased since the construction of the defendants' road, and that the property is of greater

value to-day for business purposes than at any time prior to the construction of the same; that

There has been no such disparity between the rate of increase in value experienced by the property in question and other property in the vicinity off the line of the elevated road as would justify the conclusion that the property in question had failed to share in the general increase of values which is shown to have taken place in respect of all real estate in that vicinity; and further that

Plaintiffs have failed to show that the fee or rental value of the premises in suit has been decreased by the acts of the defendants.

Upon these facts the plaintiffs claim that they were entitled to injunctive relief, although they failed to show that they had sustained any monetary damage by the interference of the elevated railroad with the easements appurtenant to their lots.

Our attention has been called to certain authorities to sustain this proposition, notably the cases of *Smith* v. *City of Rochester* (38 Hun, 612), and *Corning* v. *Troy Iron & Nail Factory* (40 N. Y. 191), and also to certain decisions in the elevated railroad cases. Those decisions, however, fail to support the contention which has been urged upon this court by the appellants.

In the cases of *Smith* v. *City of Rochester* and *Corning* v. *Troy Iron & Nail Factory* (*supra*) it is true that without the proof of pecuniary damage it was held that an injunction would lie, but in those cases it is to be observed that the party who was engaged in the trespass was doing so without legal right, and, therefore, it was entirely immaterial as to whether damage was occasioned or not; he could not gratify his whims or cater to his interests at the expense of his neighbor. But in the case at bar a very different state of facts exists. It is found by the referee that the construction of the road was under authority of law, and that in the prosecution of this work they had infringed upon certain easements appurtenant to the lot of the plaintiffs, which had no value in themselves. Now, the principle upon which actions of this nature have been maintained by the courts is, that where, by the legal construction of a public work, interests belonging to private parties in the neighborhood of the work have been interfered with, the court will enjoin the prosecution or operation of the work until compensation in money is made for the damages sustained by reason of the

interference with these easements. But where such interference has caused no damage, then the very foundation for a judgment in an action of this description is not established. The court will not enjoin the operation of a public work, executed under legal authority, simply because some private right is trespassed upon which cannot be compensated for in money because it has no value. It is upon this theory that the courts have laid down the rule that in all cases of consequential damages the benefits which result from the work must be deducted. In such actions resulting damages are sought to be recovered; hence, resulting benefits, the courts have held, may be deducted. So in the case at bar, although these easements may have been interfered with, if the resulting benefits have more than compensated for the inconvenience which the improvements have caused, there is no ground for an action of this character. If this railroad had been built without authority of law an entirely different question would be presented, as in the cases cited; but being by authority of law, and existing and being operated by like authority, it cannot be enjoined except by some person who has suffered pecuniary injury for which he is entitled to compensation.

We think, therefore, that the learned referee was correct in the judgment dismissing the complaint, and that the same should be affirmed, with costs.

O'Brien and Parker, JJ., concurred.

Judgment affirmed, with costs.